COMMERCIAL BANK et al., Appellants, *v.* FREDERICK A. SHERWOOD, Respondent, Impleaded with Others.

1. APPEAL — CODE OF CIVIL PROCEDURE, § 191, SUBD. 2 — QUESTIONS OF LAW REVIEWABLE. An appeal by permission, under subdivision 2 of section 191 of the Code of Civil Procedure, from an unanimous affirmance by the Appellate Division, in an action brought to set aside a sale as in fraud of the rights of creditors, differs from an appeal allowed under section 190 in that it is not restricted to questions certified by the Appellate Division, but all questions of law raised by exceptions and presented

by the record may be reviewed except the legal question as to the sufficiency of the evidence to sustain a finding of fact or a verdict not directed by the trial court.

2. CERTIFICATE OF APPELLATE DIVISION. Questions of law need not be formulated and certified by the Appellate Division in its order granting leave to appeal under subdivision 2 of section 191 of the Code of Civil Procedure, which simply requires that the court certify "that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals."

3. TENANCY IN COMMON OF PERSONAL PROPERTY. Personal property, as well as real estate, is subject to the statutory rule (2 R. S. 727, § 44) that "every estate granted or devised to two or more persons in their own right shall be deemed a tenancy in common unless expressly declared to be in joint tenancy."

4. TRANSFER IN FRAUD OF CREDITORS — VALIDITY AS TO ONE OF TWO TRANSFEREES. A transfer of property by an insolvent to two of his creditors, in payment of a distinct indebtedness owing to each, gives each of them an undivided one-half interest in the property, and may be sustained as to one of them, although the transfer as to the other is invalid as in fraud of creditors.

5. EVIDENCE — ADMISSIBILITY OF JUDGMENT AFTER REVERSAL IN PART. A judgment setting aside a transfer by an insolvent as in fraud of creditors after it has been reversed as to the transferees, but affirmed as to the debtor, is entirely incompetent as against the transferees on a second trial to prove any want of good faith or inadequacy of consideration on their part, or to displace the burden of proof which rested on the plaintiffs in attacking the transfer.

*Commercial Bank* v. *Bolton,* 20 App. Div. 70, affirmed.

(Argued February 7, 1900; decided March 27, 1900.)

APPEAL, by permission, from so much of a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 18, 1897, as affirms that part of a judgment dismissing the complaint as to the defendant Frederick A. Sherwood, entered upon a decision of the court on trial at an Equity Term.

The plaintiffs, as judgment creditors of Thomas Bolton, brought this action to set aside a bill of sale of a shoe manufacturing plant, made by Bolton to the defendants Sherwood and Catharine Bolton, in August, 1893, upon the ground that the sale was made to hinder, delay and defraud the creditors of the said Thomas Bolton. The trial was had at an Equity

Term of the court and a decision was filed by the trial judge, containing findings of fact and conclusions of law. It was found that the sale was made prior. to the recovery of the plaintiffs' judgments and that it was in pursuance of an agreement between the parties thereto of the same date and referred to the same. The agreement so referred to was between Thomas Bolton, Sherwood and Catharine Bolton and, after reciting and specifying an indebtedness from Bolton to Sherwood and from Bolton to Catharine Bolton, who was his wife, stated that, for the purpose of paying said indebtedness, Bolton agreed to sell and transfer to Sherwood and Catharine Bolton, absolutely, his machinery, etc., stocks, manufactured and unmanufactured, and accounts owing to him and that Sherwood and Catharine Bolton agreed "to purchase the said property and in payment thereof to satisfy the indebtedness above mentioned owing to each of them respectively" by Thomas Bolton. It was, further, found that "said purchase was made by said Sherwood of said undivided half of said factory and business and customers' accounts of said Bolton with full knowledge that by the said sale and transfer to himself and Mrs. Bolton the said Thomas Bolton would have no property remaining with which to pay his indebtedness to others, but said purchase was made by said Sherwood with no other purpose or intent on his part than to obtain payment of said Bolton's indebtedness to himself in preference to other creditors." It was found that, while the value of the undivided one-half interest sold to Sherwood, if taken and used in the business, with the right to use Bolton's name in connection therewith, was greater than the consideration paid by Sherwood therefor, its worth, "if closed out in the ordinary way of settlement of insolvents' estates" was less than the amount allowed therefor by Sherwood. It was, further, found that "Thomas Bolton made the said transfer to Sherwood for the purpose of paying his indebtedness to him and without any intent or expectation of ever receiving to his own use any part of the undivided half of said property sold and transferred by him to Sherwood and without receiving to him-

self any benefit therefrom, except that which would incidentally follow if he could have the business continued and the half which he transferred to his wife employed therein." It was found that the sale to Catharine Bolton, his wife, " of the undivided one-half part of his property and assets was, in any view that may be taken of their dealings with each other, made upon an inadequate consideration, and with the purpose and intent on their part of enabling him to retain and control the said property so transferred to her, · and keep the same employed in said business for his own use and benefit in fraud of his creditors and particularly the plaintiffs herein." The conclusions of law were " that the complaint should be dismissed as against the defendant Frederick A. Sherwood " and, further, " that the said bill of sale  *  *  *  and the agreement  *  *  *  are, and each of said instruments is, fraudulent and void, so far as the same purport to sell and convey to the defendant Catharine Bolton the undivided one-half of the property therein mentioned and described, as against the plaintiffs in this action and that the said undivided one-half of said property so transferred to the defendant Catharine Bolton was, and is, applicable to the payment of the plaintiffs' said judgments."

The judgment, which was entered upon the decision of the trial judge, has been unanimously affirmed by the Appellate Division, of the fourth department. An application, made by the plaintiffs for leave to appeal to the Court of Appeals from the judgment of affirmance, was granted and the Appellate Division, in its order granting the application, certified two questions of law to this court, to wit: " (1) Was the defendant Sherwood a *bona fide* purchaser for value, not having delivered all the notes of Bolton, which he agreed to deliver, prior to his receiving notice that the sale to him and Mrs. Bolton was claimed to be in fraud of creditors? (2) The trial court having found that the said bill of sale of August 2d, 1893, was fraudulent and void, in so far as it transferred property to Mrs. Bolton, does it follow as matter of law from the findings and from the undisputed facts in the case that

said bill of sale was fraudulent as to both vendees named therein ? "

The appeal of the plaintiffs relates only to so much of the judgment as affirmed that part of the judgment of the trial court, which dismissed the complaint upon the merits as to the defendant Sherwood.

*Walter S. Hubbell* for appellants.    The undisputed evidence shows that the bill of sale of August 2, 1893, was fraudulent and void as to the defendant Sherwood as well as to the defendants Thomas Bolton and Catharine Bolton. (*Buon* v. *Moss,* 70 N. Y. 465.)    The plaintiffs are not limited upon this appeal to the two questions certified to this court by the Appellate Division.    (*Young* v. *Fox,* 155 N. Y. 615 ; *Reed* v. *McCord,* 160 N. Y. 330.)    It was error for the trial court to exclude the judgment roll as evidence in this action. (*Starin* v. *Kelly,* 88 N. Y. 418 ; *Loos* v. *Wilkinson,* 110 N. Y. 195 ; *R. H. M. Co.* v. *Stewart,* 57 Hun, 545 ; *Waterbury* v. *Sturtevant,* 18 Wend. 353 ; *Galle* v. *Tode,* 148 N. Y. 270 ; *Macauley* v. *Smith,* 132 N. Y. 524 ; *McDonald* v. *Belding,* 145 U. S. 492 ; *Zoeller* v. *Riley,* 100 N. Y. 108 ; *Murphy* v. *Briggs,* 89 N. Y. 446 ; *Parker* v. *Conner,* 93 N. Y. 118.) The defendant Sherwood failed to show that he was a *bona fide* purchaser without notice of Thomas Bolton's fraud. (*Sargent* v. *E. S. A. Co.,* 46 Hun, 19 ; *Thomas* v. *Stone,* Watkins' Ch. 117 ; *McBee* v. *Loftis,* 1 Strob. Eq. 90 ; *Hardingham* v. *Nicholls,* 3 Atk. 304 ; *Doswell* v. *Buchanan,* 3 Leigh, 365 ; *Macauley* v. *Smith,* 132 N. Y. 525.)    The trial court erred in deciding, as matter of law, that the defendant Sherwood, by the bill of sale, bought an undivided half of the assets of Thomas Bolton.    (*Boon* v. *Moss,* 70 N. Y. 465 ;, *Mitchell* v. *Read,* 84 N. Y. 556.)    The contract of sale is entire, and being void as to Mrs. Bolton is void also as to Sherwood.    The rule of law is that when part of an entire contract is void the whole is void.    (*Crawford* v. *Morrell,* 8 Johns. 253 ; *Van Alstine* v. *Wimple,* 5 Cow. 162 ; *Niver* v. *Best,* 10 Barb. 369 ; Bump on Fraud. Conv. 472 ; *Prince* v.

*Shepard,* 9 Pick. 176; *Bank* v. *Thompson,* 121 N. Y. 280; *Williams* v. *Whedon,* 109 N. Y. 333; *Huguenin* v. *Baseley,* 14 Ves. 273; *Russell* v. *Winne,* 37 N. Y. 595; *Meguire* v. *Corwine,* 101 U. S. 108; *Holt* v. *Creamer,* 34 N. J. Eq. 187.)

*William F. Cogswell* and *M. H. McMath* for respondent. The appellants' contention that the *bona fides* of Sherwood's purchase is affected by the fact that he did not take up and cancel all of Bolton's notes which were in the bank at the time of the transfer is without merit. (*Murphy* v. *Briggs,* 89 N. Y. 446; *Seymour* v. *Wilson,* 19 N. Y. 417; *Ledyard* v. *Butler,* 9 Paige, 132; *Smith* v. *Post,* 3 T. & C. 647.) The trial court did not decide, as matter of law, as stated by appellants, that the defendant Sherwood, by the bill of sale, bought an undivided half of the assets of Thomas Bolton. The question was not and is not a question of law, but was and is a question of fact depending upon the facts and circumstances connected with the execution of the transfer as well as upon the transfer itself. (*Prince* v. *Shepard,* 9 Pick. 176; *Smith* v. *Post,* 3 T. & C. 647; *Snyder* v. *Sponable,* 1 Hill, 570; *Craig* v. *Hoge,* 95 Va. 275; *Linz* v. *Atkinson,* 14 Tex. App. 653; *Atkinson* v. *Hooks,* 9 Ala. 704.) A deed or agreement may be void in some respects and not in others, and where the one is separable from the other the good will be saved. (*Curtis* v. *Leavitt,* 15 N. Y. 96; *Knower* v. *C. N. Bank,* 124 N. Y. 552.)

GRAY, J. It should first be understood what effect is to be given to the order of the Appellate Division, which allowed this appeal and then certified the two questions mentioned to this court. By subdivision two of section 191, of the Code of Civil Procedure, it was provided that no appeal should be taken to this court from a judgment of affirmance rendered in such an action as this, brought " to set aside a judgment, sale, transfer, conveyance, assignment or written instrument, as in fraud of the rights of creditors, * * * when the decision of the Appellate Division of the Supreme Court is unanimous, unless such Appellate Division shall certify that

in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals, or unless in case of its refusal to so certify, an appeal is allowed by a judge of the Court of Appeals." This restriction of our jurisdiction, by the legislative amendment of the Code section, was within the authority reserved by the constitutional amendment of 1894 to the state legislature, and was in furtherance of the general plan to relieve this court by limiting its labors to the review of questions of law; which, alone, should come before the court of last resort, as it is constituted in this state. But, in so restricting appeals, which, prior to the amendment of section 191, could be taken, as of right, to this court, the legislature excepted cases, where leave was given by the Appellate Division, or the appeal was allowed by this court. It will be noticed, in that respect, that the right to appeal, when conferred in either way, is quite other than the right which is given under section 190. There, when an appeal is allowed by the Appellate Division, questions are to be certified and they, only, are brought up; while under section 191, when the appeal is permitted to be taken, the effect is to remove the restriction of the section and, thus, to open the whole case for our review, so far as questions of law appear to be presented by the record. The provision of the one section goes to our jurisdiction to review; the other, while excepting classes of actions from the right of appeal, leaves the case, whose appeal is permitted, to our unrestricted review as to any questions of law involved. That those questions of law, however, do not include the legal question as to the sufficiency of the evidence to sustain a finding of fact, or a verdict not directed by the court, cannot be doubted, in view of the provisions of the 3d and 4th subdivisions of section 191; which impose conditions bearing upon all cases brought to this court under either section. By them our jurisdiction is " limited to a review of questions of law," (subd. 3) and we may not review a " unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court "

(subd. 4). Where the order of the Appellate Division shows its affirmance to have been unanimous, of necessity, it follows that the members of the court sitting upon the appeal, so far as the determination below depended upon evidence, were agreed upon its existence and sufficiency.

This subject has been, in different phases, under our consideration recently, and we have held that the allowance of the appeal by the Appellate Division brings before us for determination every question of law that arose upon the trial. which we are not forbidden by the Constitution to review, and such a forbidden question is that which relates to the existence and the sufficiency of the evidence upon the trial. The permission to appeal, under subdivision 2 of section 191, in no way enlarges the jurisdiction of this court with respect to the questions that may be reviewed by it upon a hearing of the appeal. (*Reed* v. *McCord,* 160 N. Y. 330; *Young* v. *Fox,* 155 ib. 615; *Grannan* v. *Westchester Racing Ass'n,* 153 ib. 449.)

Nor need questions of law be formulated and certified by the Appellate Division in its order granting leave to appeal. The provision of the statute simply requires that it certify " that, in its opinion, a question of law is involved which ought to be reviewed by the court of appeals." It is only under subdivision 2 of section 190 that questions must be certified to this court; a provision contemplating the existence of questions of law in determinations, not final in their nature, which may affect the ultimate judgment, as they are decided one way or the other, and as to which the Appellate Division is entitled to the opinion of this court, in the general interest that litigation shall not be needlessly protracted.

The questions now certified here were unnecessarily inserted in the order and the first one is not suggested by any finding of fact, nor does it present any question of law which we may review. The second question is involved in the exception to the dismissal of the complaint as to Sherwood and will be considered under that exception. By force of the order allowing the appeal to this court, the appellants are permitted

to present such legal errors upon the trial and in the decision of this case as are raised by exceptions to rulings upon the admissibility of evidence, or to conclusions of law based upon the findings. They have insisted, very strenuously, upon the effect of the evidence; as showing that the transaction of sale with Sherwood was fraudulent and void and that he had failed to show that he was a *bona fide* purchaser. But those were questions depending upon the evidence and have been conclusively settled for this court. It has been established as a fact that the purchase by Sherwood of an interest in Bolton's plant and manufacturing stock was for the consideration of the discharge of Bolton's indebtedness to him and was absolute. We may not now review the facts of the transaction, nor its *bona fides*.

The exception taken by the plaintiffs to the conclusion of law, " that the complaint herein should be dismissed as against the defendant Frederick A. Sherwood, with costs," raises the principal question for our consideration. It is the claim of the appellants that the contract of sale was such that, being declared void as to Mrs. Bolton, it was void, also, as to Sherwood. I think the proposition to be untenable.

Bolton was at liberty to pay such of his creditors as he chose, even to the extent of transferring all of his property to the favored ones. The plaintiffs and Sherwood were general creditors, and, as between them, there were no superior equities. Each was entitled to get his debt preferred in payment, if he could, and, provided no deceit, or fraud, was practiced in doing so, the transaction would be valid. There is no fraud found on Sherwood's part and the transfer was made in payment of an indebtedness, validly owing to him and representing a fair consideration for a one-half interest in the debtor's property. The transaction, therefore, rested upon what the law regards as a valuable consideration. The rule of law was satisfied, if the creditor acted in good faith, in the sense that his purpose was to obtain satisfaction of his debt. That the debtor's intent may have been to prefer him and that he may have had notice of his object, are facts which have no

effect upon the title acquired.   (*Seymour* v. *Wilson*, 19 N. Y. 417 ; *Dudley* v. *Danforth*, 61 ib. 626 ; *Murphy* v. *Briggs*, 89 ib. 447 ; *Warren* v. *Wilder*, 114 ib. 209 ; *Knower* v. *C. N. Bank*, 124 ib. 552.)

The appellants say that the interests of Sherwood and of Mrs. Bolton, under the bill of sale, were joint and not separate. The decision of the trial court would seem to be decidedly adverse to that contention ; for, although there is no finding in precise terms that Sherwood agreed to, and did, purchase an undivided one-half interest in Bolton's property, every finding described the subject of the purchase as having been such. The agreement, which was simultaneously executed and which was referred to in the bill of sale, shows that Bolton's two creditors were arranging to obtain the payment of his separate debts to them through the purchase of his property ; the consideration being the discharge of an indebtedness, which was distinct and separate as to each of the transferees and in no sense joint. Any doubt upon the subject, however, would seem to be removed by the nature of the bill of sale, which was to Frederick A. Sherwood and to Catharine Bolton, in their own right. By such a transfer they must be deemed to take as tenants in common and not by a joint interest. The statutory rule that " every estate granted, or devised, to two or more persons, in their own right, shall be deemed a tenancy in common, unless expressly declared to be in joint tenancy," (2 R. S. 727, § 44) I think should apply as well to a transfer of personal property as to real estate. It indicates a policy of the state with respect to ownership of property and should be given general application as a rule. That this provision of the Revised Statutes has been so viewed, in its relation to personal property, is shown in several cases. Judge Denio, in *Everitt* v. *Everitt*, (29 N. Y. at p. 72), held that it applied to bequests of personalty to legatees and that they would take distributively, and not jointly, thereunder. Justices Barrett and Bradley speaking for the General Terms of the Supreme Court, in the first and fifth departments, respectively, held the same doctrine.   (*Lane* v. *Brown*,

20 Hun at p. 387; *Matter of Lapham*, 37 ib. 15.) In the latter case, Justice BRADLEY observed that, in this country, the policy is in favor of severalty in the ownership of property, both real and personal, and that " such effect will ordinarily be given to rights and interests in respect to it; unless a purpose to vest or hold it jointly is fairly indicated, or required by construction." The transfer, in the present case, was to two of Bolton's creditors, in payment of a distinct indebtedness owing to each, and they took, not jointly, but in common; both under the statute and by a proper construction of the agreement. Each acquired an undivided one-half interest in the subject of the sale by a distinct title, whose validity could not be affected by title failing in the other, through participation in some fraud of the debtor, for inadequacy of consideration, or for other reasons. The effect of the judgment annulling the transfer to Mrs. Bolton was, simply, to leave the bill of sale standing alone as containing the transfer to Sherwood.

The only other question of law, which we are called upon to consider, is raised by an exception of the plaintiffs to the exclusion by the trial judge, upon the opening of the trial, of the offer in evidence of " the judgment roll in the action at issue upon the first trial before RUMSEY, J." Upon objection being made to its competency, the plaintiffs' counsel stated that the " purpose of the offer is to prove the judgment of the Supreme Court in favor of the plaintiffs and against the defendant Thomas Bolton, adjudging the transfer made by him on August 2d, 1893, to the defendants Sherwood and Catharine Bolton, was made to hinder, delay and defraud these plaintiffs." The record does not further describe the judgment roll thus offered; but it appears from the appellants' brief that, upon a previous trial of the issues in this case, a judgment then recovered by these plaintiffs against Thomas Bolton, Catharine Bolton and Sherwood, on being appealed to the General Term of the Supreme Court, was affirmed as to Thomas Bolton, but was reversed as to Mrs. Bolton and Sherwood and that a new trial was ordered as to them. It is

now claimed by the appellants that they were entitled to prove the judgment, which they recovered upon the former trial, as conclusive evidence of Thomas Bolton's fraud. Assuming that their offer of proof was sufficient to raise the question, it is very clear that the evidence was incompetent. The offer was of a judgment adjudging the transfer by Thomas Bolton to Sherwood and Catharine Bolton to have been made to defraud these plaintiffs. But, so far as Sherwood and Catharine Bolton were concerned, the judgment had been reversed and the effect of the reversal was to restore them and the plaintiffs to the same situation in which they were prior to the rendition of the judgment. There was no longer any judgment affecting Sherwood, or Mrs. Bolton, and when another trial came on, it was, as to them, as if the cause had never been decided by any court. Whatever its conclusiveness as to Thomas Bolton, it had no more effect as proof upon Sherwood, or Mrs. Bolton, than the introduction of so much blank paper. What *was* the judgment of the court, at one time, had ceased to be its judgment, by the decision of the Appellate Division, with respect to the transfer to them. It was wholly immaterial that it stood as to Bolton; for his fraud could not vitiate the sale, unless participated in by the vendees. The burden was upon the plaintiffs to show a want of good faith, or some inadequacy of consideration, on the part of Sherwood and of Mrs. Bolton and the offer of the judgment roll, whatever it was, proved nothing upon the subject, nor displaced the burden of proof.

I think the judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.