A. T. ALBRO COMPANY, Respondent, *v.* JOSEPH FOUNTAIN et al., Defendants.

UNION DIME SAVINGS INSTITUTION, Appellant.

1. APPEAL — BY BANK IN CREDITOR'S SUIT TO REACH DEPOSIT. A bank which has paid out money, whether intentionally or by inadvertence, on a check presented pending a creditor's suit which the bank was defending and which involved the question whether or not the money had been transferred to the depositor by her husband in fraud of creditors, is entitled to a review, on its own appeal, of a judgment against it in favor of the creditor without any appeal by the depositor, since the bank is subrogated to her rights.

2. EVIDENCE — ADMISSIBILITY OF JUDGMENT AFTER REVERSAL.   A judgment establishing fraud as to creditors, in a transfer of money from husband to wife and deposited by her in a bank, is not evidence of the fraud as against the bank on a second trial after reversal of the judgment on the bank's appeal although the wife failed to appeal.

3. EVIDENCE OF FRAUD AS TO CREDITORS — SUFFICIENCY TO SUPPORT JUDGMENT.   A judgment finding that money deposited by a wife in a bank was transferred to her by her husband in fraud of his creditors is not sustained by a suspicion of fraud growing out of the marriage relation and evidence that shortly before she deposited the money her husband had sold some property, for which he received a somewhat larger sum, and by the fact that on supplementary proceedings she first testified that she owned all the money and on a later date testified that part of the fund belonged to a third person, who, on a still different date, testified that he had no interest in it, since her testimony, though suspicious, was not necessarily in conflict, because the rights in the fund might have changed between the different dates.

*A. T. Albro Co.* v. *Fountain,* 15 App. Div. 351, reversed.

(Argued March 8, 1900; decided April 17, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 23, 1897, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. N. Bovee, Jr.,* and *J. McG. Goodale* for appellant. The finding of the trial court as to the ownership of the $700 on deposit with the Union Dime Savings Institution was without evidence to sustain it, and can be reviewed in this court. (Code Civ. Pro. § 1337 ; *Sickles* v. *Flanagan,* 79 N. Y. 224; *Kaplan* v. *N. Y. B. Co.,* 151 N. Y. 171; *Whiton* v. *Snyder,* 88 N. Y. 304; *J. C. Bank* v. *Townley,* 159 N. Y. 490 ; *Laidlaw* v. *Sage,* 158 N. Y. 73; *Constant* v. *University of Rochester,* 133 N. Y. 648; *Morris* v. *Talcott,* 96 N. Y. 100 ; *Shultz* v. *Hoagland,* 85 N. Y. 464.)

*Eugene Frayer* and *Robert Gibson, Jr.,* for respondent. The appellant has no standing to complain of or contest by appeal or otherwise the judgment appealed from. (*Baker* v.

*N. Y. N. E. Bank*, 100 N. Y. 31; *Dows* v. *Kidder*, 84 N. Y. 121; *Van Alen* v. *A. Nat. Bank*, 52 N. Y. 1; *Leitch* v. *Wells*, 48 N. Y. 585; *Jeffres* v. *Cochrane*, 48 N. Y. 671; *Lawrence* v. *Miller*, 86 N. Y. 131.) Aside from the question of the plaintiff's standing to complain of or contest the judgment, the judgment is right and must have been affirmed if the merits of the case were gone into. (Code Civ. Pro. § 191, subd. 3; *Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *White* v. *Benjamin*, 150 N. Y. 258; *Loos* v. *Wilkinson*, 110 N. Y. 195; *Hall* v. *Naylor*, 18 N. Y. 588; *Miller* v. *Barber*, 66 N. Y. 558; *Mayer* v. *People*, 80 N. Y. 364.)

HAIGHT, J. The plaintiff, as judgment creditor of the defendant Joseph Fountain, brought this action to recover moneys which, it is alleged, belonged to the defendant Joseph Fountain, and had been by him transferred to his wife, Jean Fountain, in fraud of the rights of creditors and by her deposited in the Union Dime Savings Institution. After the commencement of this action the Union Dime Savings Institution was served with an order of the City Court requiring it to pay over the money on deposit in the name of Jean Fountain to the sheriff to apply upon a judgment recovered by one Perkins against her. Thereupon the bank, upon an affidavit of its treasurer, moved the City Court to set aside the order upon the ground that the plaintiff in this action had brought a ·suit claiming that the money on deposit belonged to Joseph Fountain, and that it would interpose an answer and defend the action in good faith. The City Court vacated the order, and the defendant put in an answer to the complaint in this action. Some days afterwards a deputy sheriff presented a check of Jean Fountain, accompanied with her bank book, to the bank, and the money on deposit in her name was paid over to him. The record does not disclose the circumstances under which the bank made the payment, and we, consequently, are unable to determine whether it was made through inadvertence or otherwise. The case afterwards· proceeded to a trial, resulting in a judg-

ment in favor of the plaintiff, from which the bank has appealed. The Appellate Division appears to have reached the conclusion that the bank was to be treated the same as if it had not parted with the money, and as if its attitude was that of a disinterested holder of the money pending the litigation, and that, inasmuch as Mrs. Fountain had not appealed, the bank could raise no question for review on its appeal. We cannot approve of this disposition of the case. In so far as the question here presented is concerned, it matters not whether the bank paid over the money intentionally or inadvertently. The fact remains that the money was paid upon the check of Jean Fountain, and as soon as it was paid she ceased to have any interest in the subject-matter of the litigation. The payment by the bank did not relieve it from liability to the plaintiff, or in any manner impair or prejudice the latter's right to hold the bank liable for the money which it held at the time the action was brought; but, by the payment, the bank became subrogated to the rights of Jean Fountain, and assumed the responsibility of defending the action, and it could avail itself of such defenses as existed in her favor.

Upon the argument the respondent's counsel contended that, in case the judgment should be reversed and a new trial ordered, he could introduce the judgment roll, and by it conclusively establish upon the new trial the fraud alleged between Fountain and his wife; that neither of them having appealed, the judgment is conclusive upon them. However that may be, it would not be conclusive upon the bank, as we have recently determined in the case of *Commercial Bank* v. *Sherwood* (162 N. Y. 310).

We are thus brought to a consideration of the merits. The Appellate Division, having reached the conclusion that the bank had no standing in court to review the judgment, says in its prevailing opinion that it was unnecessary to consider the merits of the controversy. There was, however, a vigorous dissent, in which the claim was made that there was nothing in the testimony except a mere suspicion that because the parties were husband and wife the money which Jean depos-

ited in the bank was her husband's. Our examination of the evidence has led us to the conclusion that it does not support the judgment. Fraud must be proved; it must be based upon evidence. It cannot be established upon guesses or suspicions. Joseph Fountain had a restaurant. After several days' negotiation he finally sold it to one Engel, who gave him a check on the Nineteenth Ward Bank for $750. This check was indorsed by Joseph Fountain, Lewis S. Marks and Eliza Ashcroft. To whom it was paid does not appear. It does not appear that it was ever paid, except as may be inferred from its subsequent presentation in court by Engel. The check was given to Joseph Fountain on the 18th day of May, and on the 20th day of May thereafter his wife Jean deposited $650 in the defendant bank. This is all. There is no evidence showing that the $650 came from her husband or from the proceeds of the check. When she was examined in supplementary proceedings instituted upon the judgment recovered against her by Perkins in the City Court, she stated that she had on deposit in the defendant bank $700 and that it was her own property. When she was afterwards examined in supplementary proceedings upon the plaintiff's judgment, she testified that she was the owner of about $300 of the fund on deposit and that the balance belonged to one Philip Reynolds. About a month later Reynolds was examined and stated that he did not claim any interest in the fund. While her testimony may create some suspicion it is not necessarily in conflict. She might have been the owner of the entire fund when she was first examined and afterwards transferred to Reynolds $400, so that at the time she was examined in the second proceedings she was the owner of only $300 of the fund, and during the ensuing month, before Reynolds was examined, he may have retransferred his interest in the fund to her. However this may be, it does not establish the fact that she derived the money from her husband. This is not a case where the finding is against the weight of evidence, but one in which there is an absence of evidence necessary to establish one of the essential features of the claim lying at the

foundation of the action, and as matter of law a recovery is not justified.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Parker, Ch. J., O'Brien, Martin, Vann and Landon, JJ., concur; Bartlett, J.; dissents.

Judgment reversed, etc.