PATRONS OF INDUSTRY FIRE INS. CO. OF SARATOGA COUNTY, N. Y.,
v. PLUM.

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

1. Co-Operative Insurance · Companies—Extending Territorial Limits—
Validity of Procedure.

Laws 1892, p. 2036, c. 690, § 278, provides that any co-operative in-
surance company doing business in one county may extend its business
into any number of counties, not exceeding three in all, by, among other
things, filing in the office of the clerk of such adjoining county or counties
a duly certified copy of the certificate and statement filed in the office
·of the Secretary of State, under section 263 (page 2030), which requires
the filing of a statement containing, among other things, a copy of the
by-laws. *Held*, that a paper filed in the office of the clerk of a proposed
new county into which a co-operative insurance company wished to ex-
tend its business, which failed to include a copy of the company's by-
laws, was insufficient.

2. Same.

A paper filed in the proposed new county, certified merely by a notary
public, was insufficient.

3. Same—Estoppel to Assert Invalidity.

A co-operative insurance company, organized to do business in one
county only, attempted to extend its territorial limits into an adjoining
county, but the steps taken by it were defective, and it acquired no au-
thority to carry on its business there. *Held*, that one contracting with
the company for insurance covering property situated in the new county
was not estopped to assert the invalidity of the contract.

Appeal from Warren County Court.

Action by the Patrons of Industry Fire Insurance Company of Sara-
toga County, N. Y., against William A. Plum. From a judgment of
the county court affirming a justice's judgment dismissing the com-
plaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG,
CHASE, and CHESTER, JJ.

Frank Gick, for appellant.

W. L. Kiley, for respondent.

PARKER, P. J. The plaintiff claims to have been organized in
March, 1897, as a fire insurance company, under chapter 690, p. 1930,
·of the Laws of 1892, for the purpose of carrying on its business in
Saratoga county; that in June, 1897, it extended its territorial limits
into Warren county, as provided by statute; that on May 5, 1898,
·it issued a policy to this defendant upon his application, insuring his
property in the town of Bolton, in Warren county, where he then re-
sided; that such policy remained outstanding until November 23,
1899, when the defendant returned it to the secretary of the company,
·stating that he was dissatisfied with this manner of insurance, and
wanted to get out of it, and such surrender was thereupon accepted by
·said secretary. No adjustment of the defendant's liabilities to the
·company was then had, nor was any payment whatever then made.

During the time that such policy was so outstanding several losses
·occurred for which the company became liable to pay, and an assess-
ment was made upon its members for the same. · The defendant was
included in such assessment upon the ground that because he held the

company's policy at the time the losses occurred he was a member of the company, and liable to assessment thereon. The defendant refusing to pay the same, this action was brought in a justice's court to recover the amount thereof. The justice dismissed the plaintiff's complaint. The county court, on appeal, affirmed such judgment, and from that judgment of affirmance this appeal is taken.

The defense urged before the justice, that the plaintiff was without authority to do business in the county of Warren, and hence that the alleged contract of insurance with the defendant was invalid, seems to have been well taken. The plaintiff first attempted to organize an insurance company to do business in the county of Saratoga, under the provisions of section 261 of the insurance law (Laws 1892, p. 2029, c. 690). Under such an organization it could not lawfully insure the property of a person residing in Warren county. It is expressly forbidden to do so by the provisions of section 271, p. 2034, of the same law. Upon the trial it did not very satisfactorily establish its organization and right to do business in Saratoga county even. The papers which it filed in the Secretary of State's office and in the clerk's office of Saratoga county, for the purpose of meeting the requirements of section 263, p. 2030, of the act, are defective, in that they nowhere show "the amount of proposed insurance to each" incorporator, nor the "mode in which its business is to be conducted." Nor has the plaintiff made any proof that "bona fide agreements have ever been entered into for the insurance of property of an amount not less than one hundred thousand dollars," as is required by section 264, p. 2031, before it shall be authorized to commence any business.

But, concede that it has established the right to do business in that county, the defendant is a resident of Warren county, and all his insured property was therein; and it seems quite clear that no such proceedings have been taken as are required by the statute to authorize it to extend its business into that county. The right to extend its business into Warren county was regulated by section 278, p. 2036, of the insurance law. Under that section, it must, among other things, have filed in the clerk's office of Warren county a "certified copy of the certificate and statement" which it had filed in the Secretary of State's office under the provisions of section 263, p. 2030. No proof that it has ever done so was made, and under the issue framed by the pleadings in this action it was incumbent upon the plaintiff to make that proof.

It is claimed by the plaintiff that such proof would have been made had the justice admitted its Exhibit 4 in evidence. But an inspection of such exhibit, as returned in the record, shows that the paper which it claims was filed in Warren county did not contain all that the plaintiff was required to file in the Secretary of State's office by the provisions of section 263, p. 2030. Concede that it filed its exhibit 4 in the Warren county clerk's office, yet it fell short of what sections 278 (page 2036) and 263 (page 2030) required. For instance, none of its by-laws, which are a part of the "statement" required by section 263, p. 2030, and which were filed in the Secretary of State's office, were filed in Warren county. And more than all, the statute (section 278, p. 2036) required that a "duly certified copy of the certificate and

statement filed in the office of the Secretary of State," etc., should be filed in Warren county. The exhibit 4 shows that the paper filed in Warren county was not certified by the Secretary of State, or by the county clerk of Saratoga county, or by any subordinate officer of either office. It was certified by a notary public, which, of course, was no such certificate as the statute intended. Hence such exhibit would not have proved that which the plaintiff claimed from it, and it was properly excluded by the justice. Upon the record it is apparent that the plaintiff's effort to extend its territorial limits into Warren county was a failure. The proceedings required by the statute were never complied with, and hence its contract with the defendant was a direct violation of the prohibition contained in section 271, p. 2034.

It is further urged by the plaintiff that the defendant is estopped from claiming that it had no authority to make the contract in question, because he himself entered into it with the plaintiff. I do not discover any of the elements of an estoppel here. As stated above, it was a contract which the plaintiff was by section 271, p. 2034, prohibited from making, and it was therefore utterly void. Within the following cases the plaintiff is in no situation to enforce it: N. Y. State Loan & Trust Co. v. Helmer, 77 N. Y. 64; Bath Gaslight Co. v. Claffy, 151 N. Y. 24, 45 N. E. 390, 36 L. R. A. 664. "Contracts made in the exercise of a power expressly denied are of course void, and the courts will not aid either party to them." Commercial Bank v. Sherwood, 162 N. Y. 310, 56 N. E. 834.

There is no equity in favor of the plaintiff. It assumed to insure property that it was expressly forbidden to insure, but it has never parted with anything of value by so doing. The defendant has received no benefit therefrom which he should be required to restore, or for which he should, in equity, be required to pay. I conclude that the plaintiff has failed to establish any obligation on the defendant's part to pay the assessment sued for, and that hence the judgment of the justice and of the county court should be affirmed.

Judgment affirmed, with costs. All concur.