ELLA M. BOYLE, an Infant, by ALLEN DEYO, Her Guardian ad Litem, Appellant, *v.* CHARLES BLANKENHORN and Others, Respondents.

Third Department, February 28, 1921.

**Judgments — action to impress trust on real property transferred by judgment debtor after verdict and before judgment entered — lien of judgment not prior to that of deed.**

In an action to impress a trust on certain real property it appeared that after a verdict had been rendered against the owner of the property in a tort action and before judgment was entered thereon, the defendant therein deeded the property to his father in part for a past consideration and in part for a present consideration and that said deed was recorded on the same day but before the entry of the judgment, and that said grantee had knowledge of the rendition of said verdict but there was no proof of a conspiracy or fraud.

*Held,* that said deed passed good title to the grantee therein and the land was not subject to any lien in favor of the plaintiff herein and the complaint should be dismissed.

APPEAL by the plaintiff, Ella M. Boyle, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 2d day of July, 1918, upon the decision of the court rendered after a trial at the Albany Trial Term without a jury, and as stated in the notice of appeal the appellant intends to bring up for review the decision and order of the court directing the entry of said judgment.

*Smith O'Brien* [*J. Sheldon Frost* of counsel], for the appellant.

*Henry J. Crawford,* for the respondents.

WOODWARD, J.:

The complaint alleges that the plaintiff secured a verdict in an action against the defendant Charles Blankenhorn for the sum of $1,200 on the morning of the 15th of April, 1914, and that a judgment for $1,315, damages and costs, was entered upon such verdict on the 16th day of April, 1914, at three thirty-two o'clock in the afternoon; that at the time of the rendition of the said verdict the defendant Charles Blankenhorn was the owner of certain real estate in the town of Beth-

lehem, Albany county; that said real estate was of the value of $3,000, and that on the 16th day of April, 1914, " with full knowledge of the said verdict of $1,200 against said Charles Blankenhorn, and with the intent to hinder, delay and defraud the plaintiff and prevent her from collecting her said judgment of $1,315, or any judgment thereon, the said defendants Charles Blankenhorn and James M. Blankenhorn on April 16, 1914, entered into a conspiracy whereby the said defendant Charles Blankenhorn made, executed and delivered to the said James M. Blankenhorn a deed of said real estate, without consideration, and the same was fraudulent as against this plaintiff and prevents her from selling said real estate and realizing therefrom the amount of said judgment and that said deed was recorded in Albany County Clerk's office   *   *   *   on April 16, 1914, at 11:37 o'clock." The answer denies the material allegations, and, in addition to other matters, alleges as a defense on the part of both the material defendants that at the time of the making and delivery of the deed on the 16th day of April, 1914, the defendant Charles Blankenhorn was indebted to the defendant James M. Blankenhorn in the sum of $1,258; that he likewise owed his attorney the sum of $400, and that the deed was given for the purpose of paying this indebtedness, and in consideration of the defendant James M. Blankenhorn agreeing to pay said $400 to the defendant's attorney.

Upon the trial of the action the learned court at Trial Term found the facts in favor of the defense asserted, and dismissed the complaint upon the merits. The plaintiff appeals from the judgment.

There is no dispute as to the material facts. The plaintiff secured a judgment against the defendant Charles Blankenhorn in an action in tort, and after the return of the execution unsatisfied an execution against the body of the defendant in that action was issued and Charles Blankenhorn was imprisoned in the county jail for a period of six months, and the present action was brought to impress a trust upon the property covered by the deed of April 16, 1914. The learned trial court has found that Charles Blankenhorn owed his father the sum of $1,240; that he owed his attorney $420, and that these sums constituted the consideration for the deed to the premises;

that the reasonable market value of the property was the sum of $1,900, upon which there was a mortgage for $1,450, leaving an equity of $450, and upon these facts it was held as matter of law that the deed conveyed a good title to James M. Blankenhorn, and that the defendants were entitled to judgment for costs.

There was no proof of any conspiracy or fraud; the plaintiff makes no requests to find any facts different from those found by the learned court at Trial Term, except that it is stipulated that both the material defendants had actual knowledge of the fact that a verdict had been rendered against Charles Blankenhorn for the sum of $1,200 at the time the deed was delivered, and the only questions for review are the conclusions of law, which seem to us to follow naturally and inevitably. The plaintiff had a verdict on the 15th day of April, 1914. She had a perfect right to enter the judgment upon that verdict on the fifteenth day of April, for it is alleged that the verdict was returned in the morning of that day. She had a right to enter it on the morning of the sixteenth day of April, and had she done so at any time prior to eleven thirty-seven o'clock of that morning her judgment would have constituted a lien on the real estate. But James M. Blankenhorn also had rights; his son owed him a considerable sum of money, and he had agreed to pay the sum of $420 owed by the son to his attorney. The fact that a verdict had been rendered in favor of the plaintiff did not deprive him of the right to collect his debt if he could, and so long as the plaintiff had not entered her judgment no lien attached to the real estate in question. Every man is justified in paying his debts. He has a right to pay such of his creditors as he chooses, even to the extent of transferring all his property to the favored ones, provided there is no deceit or fraud. (*Commercial Bank* v. *Sherwood,* 162 N. Y. 310, 318, 319, and authorities there cited.) The plaintiff had it in her power to enter her judgment and secure a lien upon the premises here involved, but she had no superior rights until she had performed the conditions, and the court properly dismissed the complaint upon the merits.

The judgment appealed from should be affirmed.

Judgment unanimously affirmed, with costs.